FILED

2011 NOV 16  PM 3: 55

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

BILLIE BURNSED, individually,                     :
                                                   :
            Plaintiff,                             :
                                                   :
v.                                                 :     Case No. C : 11- C V - 1826- ORL-3SGJK
                                                   :
HUDSON'S FURNITURE SHOWROOM, INC.,  :
a Florida for profit corporation,                 :
                                                   :
            Defendant.                             :
_____/

**COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, BILLIE BURNSED, individually, on her behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, HUDSON'S FURNITURE SHOWROOM, INC., a Florida for profit corporation, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and Florida Accessability Code ("FAC").

1.    Plaintiff  is a Florida resident, lives in Orange County, is sui juris and qualifies as an individual with disabilities as defined by the ADA.  Plaintiff is bound to ambulate with a prescribed walker or in a wheelchair.

2.    Defendant's property, Hudson's Furniture by Broyhill, 9639 S. Orange Blossom Trail, Orlando, FL  32837, is located in the County of Orange.

3.    Venue is properly located in the Middle District of Florida  because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4.     Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. *See also* 28 U.S.C. § 2201 and § 2202.

5.     Plaintiff has visited the property which forms the basis of this lawsuit and plans to return to the property to avail herself of the goods and services offered to the public at the property and to determine whether the property has been made ADA and FAC compliant.  Plaintiff has encountered architectural barriers at the subject property which discriminate against her on the basis of her disability and have endangered her safety.  These barriers also prevent Plaintiff from returning to the property to enjoy the goods and services available to the public.

6.     Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of Defendant's discrimination until Defendant is compelled to comply with the requirements of the ADA and FAC .  Plaintiff is deterred from and is denied the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at Defendant's property equal to that afforded to other individuals.  Plaintiff is aware that it would be a futile gesture to attempt to visit Defendant's property if she wishes to do so free of discrimination.

7.     Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public

accommodation that Defendant owns, operates, leases or leases to is known as Hudson's Furniture by Broyhill, 9639 S. Orange Blossom Trail, Orlando, FL 32837.

8.      Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's noncompliance with the ADA and FAC with respect to the subject property as described but not necessarily limited to the allegations in paragraph 10 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by Defendant. Plaintiff desires to visit Hudson't Furniture retail store not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA and FAC so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9.      Defendant has discriminated against Plaintiff by denying her access to and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq.

10.     Defendant has discriminated and is continuing to discriminate against Plaintiff in violation of the ADA and FAC by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Hudson't Furniture retail store has shown that violations exist. These violations include, but are not limited to:

**Parking**

There is not at least one accessible route complying with ADAAG 4.3 which is to be provided within the boundary of the site from public transportation stops which are provided and public streets or sidewalks to an accessible building entrance in violation of ADAAG

3

4.1.2.1.

There is not an accessible route from the accessible parking spaces to the building entrance nearest an accessible parking space which is in violation of ADAAG 4.1.2.1. The only accessible routes to the building entrance are by vehicle route.

There is a change of level exceeding 1/4 inch from the asphalt to the existing facility entrance in violation of ADAAG 4.5.2.

The accessible route and the accessible parking spaces are not level; their surface slopes exceed 1:50 (2%) in all directions. This will result in a wheelchair may rolling off the curb, making it very dangerous for the plaintiff in violation of ADAAG 4.6.3.

**Entrance Access and Path of Travel (Interior)**

The doors are not automatic or power assisted and does not have a maneuvering space relative direction per fig. 25 in violation of ADAAG 4.13.6.

The hardware on the doors is not acceptable due to pinching and twisting in violation of ADAAG 4.13.

Alleged accessible routes in the facilities are less than 36 inches wide in violation of ADAAG 4.3.

The public accommodation staff has not made reasonable modifications in policies, practices or procedures where necessary to provide goods, services, facilities, privileges, and advantages. This includes the lack of movable tables in violation of section 36.302, 28 CFR Part 36.

The counters where services are provided are above 36" in violation of ADAAG 7.2.

**Access to Goods and Services/Restrooms**

There are permanently designated interior and exterior spaces without proper signage in violation of section 4.1 and 4.30 of the ADAAG.

There are restrooms for public use at the facility without the required disabled use elements in violation of several sections of the ADAAG.

11. The discriminatory violations described in paragraph 10 are not an exclusive list of the

Defendant's ADA and FAC violations. Plaintiff requires the inspection of Defendant's place

of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and FAC and all barriers to access. Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by Defendant because of Defendant's ADA and FAC violations as set forth above. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA and FAC as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of noncompliance with the Americans with Disabilities Act and FAC .

12. Defendant has discriminated against the Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, Defendant continues to discriminate against the Plaintiff and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402;, if Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA and FAC.

15. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by Defendant.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require Defendant to alter Hudson't Furniture retail store to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

6

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and FAC.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA and FAC and to require the Defendant to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted,

Barbra R. Joyner, Esq.
Law Office of Barbra R. Joyner, P.A.
1470 E. Michigan St.
Orlando, FL  32806
Email:  bjoyneresq@aol.com
Phone: (407) 481-7997
Fax: (407) 481-7986
Florida Bar. Id. No. 141348
By: /s/ Barbra R. Joyner, Esq.

Barbra R. Joyner, Esq.